J-S58001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY HALUCK :
:
Appellant : No. 749 WDA 2017

Appeal from the Judgment of Sentence April 13, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008030-2016

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED JANUARY 11, 2019**

Appellant, Timothy Haluck, appeals from the judgment of sentence entered on April 24, 2017[1] in the Criminal Division of the Court of Common Pleas of Allegheny County. We affirm.

The trial court has aptly summarized the relevant facts and procedural history in this case as follows:

> [Appellant] was originally charged with [drug-]related offenses that occurred on three separate occasions, on February 22, 2016, March 2, 2016, and March 20, 2016. He was charged with identical offenses relative to each [episode, including] three counts [each] of delivery of heroin [(35 P.S. § 780-113(a)(30))], possession of heroin with intent to distribute [(PWID) (35 P.S. § 780-113(a)(30))], possession of heroin [(35 P.S. § 780-113(a)(16))], and criminal use of a communication facility [(18 Pa.C.S.A. § 7512(a))]. On November 27, 2016, [Appellant]

---

[1] Appellant's judgment of sentence was entered by the court on April 13, 2017. Said judgment of sentence became final on April 24, 2017 with the denial of his post-sentence motions. We have amended the caption accordingly.

attempted to plead guilty pursuant to a negotiated plea agreement the terms of which required him to plead guilty to all drug charges. The three counts of criminal use of a communication facility would be withdrawn. The Commonwealth agreed to withdraw those charges. The parties agreed that [Appellant] would serve an aggregate county sentence set by th[e trial c]ourt.

[The trial c]ourt rejected that plea agreement. Th[e trial c]ourt's reasoning was that [Appellant] was 54 years old and that he had been involved in the distribution of heroin, or as th[e trial court has frequently noted], "peddling poison" in the community on three different occasions. [The trial court believed that the negotiated county sentence did not consider the true nature of Appellant's crimes and did not serve justice.] After th[e trial c]ourt rejected the plea agreement, [it] advised the parties to proceed with jury selection. Immediately thereafter, [Appellant] moved for th[e trial c]ourt to recuse itself because it had rejected the plea agreement. Th[e trial c]ourt rejected that motion.

The parties returned to th[e trial c]ourt on January 17, 2017. The parties advised the [c]ourt that they had [reached] a plea agreement. [Appellant] agreed to plead guilty to the same offenses contemplated by the previous plea agreement but the new plea agreement did not contain an agreement as to the appropriate sentence. The determination of sentence was left to the [c]ourt's discretion. A pre-sentence investigation report was ordered and the sentencing was scheduled for April 13, 2017. On that date, the [c]ourt indicated that it had read the pre-sentence investigation report and also confirmed that the Commonwealth's attorney and [Appellant] and his attorney had reviewed the report and offered no additions or corrections to the report. With respect to [the heroin delivery charge on February 22, 2016], the [c]ourt sentenced [Appellant] to a term of imprisonment of not less than one nor more than two years. With respect to [the heroin delivery charge on March 2, 2016], the [c]ourt sentenced [Appellant] to a term of imprisonment of not less than one nor more than two years. With respect to [the heroin delivery charge on March 20, 2016], the [c]ourt sentenced [Appellant] to a term of probation of [five] years. All sentences were imposed consecutively for an aggregate sentence of not less than two nor more than four years' imprisonment followed by five years' probation. The other counts of conviction merged with the offenses for which [Appellant] was sentenced. []

Trial Court Opinion, 1/22/18, at 1-3.

On April 21, 2017, Appellant filed a post-sentence motion seeking modification of his sentence on grounds that the court based its decision on impermissible factors and failed to consider Appellant's character and rehabilitative needs. The trial court denied Appellant's motion on April 24, 2017.

Appellant filed a timely notice of appeal on May 24, 2017. On May 25, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After receiving an extension, Appellant filed a timely concise statement on August 1, 2017. The trial court issued its Rule 1925(a) opinion on January 22, 2017.

In his brief, Appellant raises the following claims for our review:

Whether the trial court abused its discretion by denying a motion to recuse after hearing highly prejudicial information regarding [Appellant's] intent to plead guilty, and when there was an appearance of bias against a class of defendants?

Whether the trial court abused its discretion in sentencing [Appellant] based upon facts not in the record and irrelevant to [Appellant's] case, and without considering, as required under 42 Pa.C.S.A. § 9721(b), [Appellant's] character and rehabilitative needs?

Appellant's Brief at 6.

In his first issue, Appellant claims the trial court abused its discretion when it denied his motion for recusal after rejecting the parties' original negotiated plea agreement. Appellant's second claim asserts that the trial

court abused its discretion in fashioning a sentence based upon impermissible factors and without considering Appellant's character and rehabilitative needs. Before we address the substance of these contentions, we consider whether appellate review of Appellant's claims is precluded by the entry of his guilty plea.

"Generally, a [guilty plea] amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017), *quoting* **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted). An exception to this rule arises, however, where a defendant enters an "open" plea agreement;[2] in such cases, the defendant is permitted to appeal the discretionary aspects of his sentence. **See Commonwealth v. Guth**, 735 A.2d 709, 711 n.3 (Pa. Super. 1999), *appeal denied*, 743 A.2d 915 (Pa. 1999); **Commonwealth v. Dalberto**, 648 A.2d 16, 21 (Pa. Super. 1994) (when plea is open, containing no agreement to a specific sentence, defendant may appeal discretionary aspects of his sentence), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995). Since Appellant entered an open guilty plea to his drug-related charges, we conclude that, although he

_____

[2] An "open" plea agreement is one in which there is no negotiated sentence. **See Commonwealth v. Vega**, 850 A.2d 1277, 1280 (Pa. Super. 2004).

may challenge the discretionary aspects of his sentence, he has surrendered his right to appellate review of the denial of his recusal motion.[3]

We turn now to Appellant's challenge to the discretionary aspects of his sentence. To review, Appellant received separate, consecutive sentences for each of three criminal episodes involving his delivery of heroin. For the first two offenses, the trial court ordered Appellant to serve not less than one nor more than two years' incarceration. Appellant concedes that these sentences fall within the standard range of the sentencing guidelines. **See** Appellant's Brief at 30. For the third offense, Appellant received five years' probation, which constitutes a mitigated sentence. **See id.**

Appellant raises two objections in support of his discretionary sentencing challenge. First, Appellant claims that the trial court impermissibly overlooked several mitigating factors in violation of 42 Pa.C.S.A. § 9721(b). Specifically, Appellant contends the trial court disregarded "substantial mitigating evidence [presented] through [his] pre-sentencing [m]emorandum and testimony at the sentencing hearing," including his completion of multiple rehabilitation

---

[3] In his reply brief, Appellant relies upon the opinion of our Supreme Court in **Commonwealth v. Druce**, 848 A.2d 104 (Pa. 2004) to overcome the preclusive effect of his guilty plea. In that case, the Court reviewed the merits of a challenge to the denial of a recusal motion where the defendant entered a guilty plea to various vehicular charges that arose out of a hit-and-run accident. The **Druce** Court, however, never addressed whether the entry of a guilty plea impacted its authority to reach the merits of the defendant's claims. In the absence of more concrete guidance concerning the precise issues before us, we are reluctant to disregard the well settled principles set forth in **Morrison**, **Guth**, and related cases cited above.

programs while in jail, his long-term addiction to heroin, the minor nature of his "middle-man" role in the subject transactions, his acceptance of responsibility, and his development of a treatment plan following his release from incarceration. *See id.* at 35-39. Next, Appellant claims the trial court imposed its sentence based upon impermissible factors such as overdose deaths and collateral crimes, which were not established through evidence or were unrelated to Appellant's case. *See id.* at 40-41.

Our review of discretionary aspects of sentencing claims is governed by the following principles:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our [Supreme] Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa. Super. 2010), *quoting*

*Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (internal citations omitted).

Appellants do not enjoy an automatic right to appellate review of discretionary sentencing claims. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). Four criteria must be met to invoke this Court's jurisdiction:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170, *quoting* ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) (internal citations omitted). In ***Moury***, we explained:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Moury***, 992 A.2d at 170 (internal citations omitted).

Appellant satisfied the procedural requirements for presenting his discretionary sentencing challenges in that he filed a timely notice of appeal, raised his claims in a post-sentence motion to reconsider his sentence, and included a Rule 2119(f) statement in his brief. Thus, we consider whether Appellant's claims present a substantial question for our review.

An allegation that the sentencing court failed to consider certain mitigating factors generally does not raise a substantial question.[4]  **Moury**, 992 A.2d at 170, *citing* **Commonwealth v. McNabb**, 819 A.2d 54, 57 (Pa. Super. 2003); **Commonwealth v. Wellor**, 731 A.2d 152, 155 (Pa. Super. 1999) (allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question).  Nevertheless, Appellant's claim that his sentence is excessive because the trial court relied on impermissible factors raises a substantial question.  **See Commonwealth v. Shugars**, 895 A.2d 1270, 1274 (Pa. Super. 2006).  Hence, we review this claim.

"When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]"  **Shugars**, 895 A.2d at 1274, *quoting*

---

[4] Even if we were to reach the merits of Appellant's claim that the trial court failed to consider mitigating factors, we would not conclude that Appellant is entitled to relief.  Our review of the sentencing transcript confirms that the trial court received and reviewed a pre-sentence investigation report regarding Appellant and listened to lengthy testimony concerning Appellant's rehabilitative needs and character.  **See** N.T. Sentencing, 4/13/17, at 3-7, and 15.  Under these circumstances, Appellant's claim premised on the court's alleged failure to consider mitigating factors does not establish grounds for relief.  "Where the sentencing court had the benefit of a pre-sentence investigation report, [we] assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Moury**, 992 A.2d at 171, *quoting* **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988); **see also Commonwealth v. Tirado**, 870 A.2d 362, 368 (Pa. Super. 2005) (same).

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted).

Our role in reviewing a trial court's sentencing determination is governed by the following principles:

> Section 9781(c) [of the Sentencing Code] specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines.

*Commonwealth v. Bowen*, 975 A.2d 1120, 1123-1124 (Pa. Super. 2009).

Here, the trial court considered evidence relevant to the factors set forth in 42 Pa.C.S.A. § 9721(b), including the pre-sentence report, the sentencing memorandum filed by defense counsel, the nature of Appellant's crimes, the impact of Appellant's crimes on the community, and Appellant's criminal history and personal characteristics. *See* N.T. Sentencing, 4/13/17, at 3-15; *see also* Trial Court Opinion, 1/22/18, at 6-7. The findings of the court were well-supported by the record and the court demonstrated substantial awareness of the applicable guidelines.[5] In view of these

_____

[5] Appellant's position in this appeal seems to be that the trial court impermissibly referred to drug overdoses and collateral criminal activity because there was never an allegation that Appellant's buyers overdosed on

circumstances, we cannot conclude that the court's imposition of a mix of standard and mitigated range sentences was clearly unreasonable. **See Moury**, 992 A.2d at 171 (where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the sentencing code). For these reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2019

---

heroin or committed crimes to finance their purchases. **See** Appellant's Brief at 41. This position is spurious. As Appellant concedes, he served as a middle-man in transactions between his drug supplier and a confidential informant. In point of fact, then, there were no "buyers" in the conventional sense since the drugs conveyed by Appellant never reached a community member who intended to consume them. Moreover, to suggest, as Appellant does, that the link between heroin sales, overdoses, and collateral criminal activity is "conjectural" is to suggest a speculative relationship between sunshine and daylight. The trial court acted well within its discretion in considering the negative consequences arising from drug sales when fashioning Appellant's sentence.